J-S12028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| VICTOR MARTINEZ-HERRERA | |
| Appellant | No. 1433 MDA 2016 |

Appeal from the Judgment of Sentence July 25, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0001295-2016

BEFORE:  PANELLA, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                                    **FILED JULY 25, 2017**

Victor Martinez-Herrera appeals from the judgment of sentence entered on July 25, 2016, in the Berks County Court of Common Pleas.  On that same day, pursuant to a charge agreement, Martinez-Herrera pled guilty to one count of robbery.[1]  The court sentenced Lee to a term of five to ten years' incarceration.  On appeal, Martinez-Herrera raises the following issues:  (1) whether the trial court erred by failing to consider all appropriate sentencing guideline factors when imposing his sentence; and (2) whether the trial court erred by applying the deadly weapon (used) enhancement ("DWE") absent evidence that Martinez-Herrera used a "deadly weapon" as defined by the Pennsylvania Sentencing Code.  **See** Martinez-Herrera's Brief

---

[1]  18 Pa.C.S. § 3701(a)(1)(ii).

at 4. After a thorough review of the submissions by the parties, the certified record, and relevant law, we affirm the judgment of sentence.

The facts were summarized by the Commonwealth at Martinez-Herrera's guilty plea hearing and are as follows. On March 7, 2016, in the city of Reading, Pennsylvania, while riding in a taxi being driven by the victim, Ralph Valletta, Martinez-Herrera threatened Valletta by pointing what appeared to be a black handgun, but was subsequently determined to be a BB gun, at his head and saying, "Give me the money." N.T., 7/25/2016, at 6. Martinez-Herrera pulled the hood of his sweatshirt down and tightened it around his head. *Id.* at 5. He also wore a mask so only his eyes were visible. *Id.* Valletta handed him $11.00 in one-dollar bills. *Id.* at 6. Martinez-Herrera said, "I don't want to shoot you, but I will. Give me all the money." *Id.* The victim informed Martinez-Herrera that he had no more money. *Id.* Martinez-Herrera then asked the victim to give him his cell phone but the act was interrupted by a responding deputy sheriff. *Id.*

Martinez-Herrera was charged with four counts of robbery, and one count each of prohibited offensive weapons, possessing instruments of crime, simple assault, theft by unlawful taking or disposition, and harassment. As noted above, on July 25, 2016, Martinez-Herrera pled

guilty, pursuant to a charge agreement, to one count of robbery. That same day, the court sentenced him to a term of five to ten years' incarceration.[2]

On August 4, 2016, Martinez-Herrera filed a post-sentence motion for modification of sentence.[3] The court denied the motion on August 9, 2016. This appeal followed.[4]

In his first claim, Martinez-Herrera asserts the trial court failed to adequately consider his rehabilitative needs when fashioning his sentence. Martinez-Herrera's Brief at 11. Specifically, Martinez-Herrera states that while the court did consider his young age, his lack of a prior record, and that he was in high school at the time of the incident, it neglected to consider his rehabilitative needs. *Id.* at 11-12. Moreover, he states that he "is young and appears to be amenable to therapeutic programs." *Id.* at 13.

---

[2] The court gave him a credit of 140 days for time served.

[3] Several days earlier, on July 29, 2016, Martinez-Herrera filed a *pro se* post-sentence motion requesting a modification of the sentence. He also filed a *pro se* amended petition for reconsideration and/or modification of sentence filed *nunc pro tunc*. However, both filings were considered legal nullities because Martinez-Herrera was represented by counsel. ***See*** Trial Court Opinion, 10/17/2016, at 2; ***see also Commonwealth v. Ali***, 10 A.3d 282, 293 (Pa. 2010) (explaining that a *pro se* filing presented by an appellant represented by counsel is a "legal nullity").

[4] On September 1, 2016, the trial court ordered Martinez-Herrera to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Martinez-Herrera filed a concise statement on September 21, 2016. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on October 17, 2016.

As presented, Martinez-Herrera's issue challenges the discretionary aspects of his sentence. ***See Commonwealth v. Swope***, 123 A.3d 333, 337 (Pa. Super. 2015) (explaining argument that claims court failed to consider rehabilitative needs challenges discretionary aspects of sentencing). "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. Hoch***, 936 A.2d 515, 518 (Pa. Super. 2007) (citations and quotation marks omitted). To reach the merits of a discretionary issue, this Court must determine:

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220 (Pa. Super. 2011) (footnotes omitted).

Here, Martinez-Herrera filed a timely notice of appeal and included the requisite statement pursuant to Pa.R.A.P. 2119(f) in his appellate brief. Moreover, counsel for Martinez-Herrera preserved the claim by raising it in the August 4, 2016, post-sentence motion. ***See*** Martinez-Herrera's Post-Sentence Motion, 8/4/2016, at ¶ 6 (general challenge stating court failed to adequately consider the Sentencing Code criteria). Therefore, we may proceed to determine whether Martinez-Herrera has presented a substantial question that the sentence appealed from is not appropriate under the

Sentencing Code. ***Commonwealth v. Edwards***, 71 A.3d 323, 330 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013).

With respect to whether an issue presents a substantial question, we are guided by the following:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***See Commonwealth v. Paul***, 2007 PA Super 134, 925 A.2d 825 (Pa. Super. 2007). "A substantial question exits only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Griffin***, 2013 PA Super 70, 65 A.3d 932, 2013 WL 1313089, *2 (Pa. Super. filed 4/2/13) (quotation and quotation marks omitted).

***Edwards***, 71 A.3d at 330 (citation omitted).

A claim that the trial court failed to consider a defendant's rehabilitative needs does raise a substantial question for our review. ***See Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1266 (Pa. Super. 2014) (*en banc*) ("[a]rguments that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 . . . present a substantial question" (quotation marks and citation omitted)), *appeal denied*, 104 A.3d 1 (Pa. 2014). Hence, we will consider the substantive merits of Martinez-Herrera's sentencing claim.

The standard of review for a claim challenging a discretionary aspect of sentencing is well-established:

> Sentencing is a matter vested in the sound discretion of the judge, and will not be disturbed on appeal absent a manifest

abuse of discretion. An abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008) (citation omitted), *appeal denied*, 980 A.2d 607 (Pa. 2009).

Moreover, pursuant to 42 Pa.C.S. § 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). Additionally, "the court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *Id.* The record in *toto* "must reflect the [trial] court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa. Super. 2010), *appeal denied*, 13 A.3d 475 (Pa. 2010).[5] "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Commonwealth v. Griffin*, 804 A.2d 1, 10

---

[5] A trial court "need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question[.]" *Crump*, 995 A.2d at 1283.

(Pa. Super. 2002), *appeal denied*, 868 A.2d 1198 (Pa. 2005), *cert denied*, 545 U.S. 1148 (2005).

Turning to the present matter, on July 25, 2016, Martinez-Herrera entered an open guilty plea and the trial court immediately proceeded to sentencing, where the court imposed a sentence of five to ten years' incarceration. Prior to the hearing, Martinez-Herrera signed a written plea colloquy, in which he indicated he is bipolar and takes Seroquel, to treat his disorder. **See** Statement Accompanying Defendant's Request to Enter a Guilty Plea, 7/25/2016, at 2. He also acknowledged the trial court could impose a maximum sentence of 20 years' imprisonment. **Id.**

At the plea hearing, he again agreed that he understood the maximum sentence permissible by law for robbery. N.T., 7/25/2016, at 5. The record is unclear whether a pre-sentence investigation was ordered. Nevertheless, the applicable sentencing guidelines, including the deadly weapon enhancement, as well as Martinez-Herrera's prior criminal history were placed on the record. **Id.** at 7-8. The court heard testimony from both the victim and Martinez-Herrera. **Id.** at 8-14. At the conclusion of the hearing, the court stated: "The Court has taken into consideration [Martinez-Herrera]'s age, that he's 19 years old, that he was a senior in high school, that he has no adult record. I have taken into account Mr. Valletta's statement here. I'm going to go along with the recommendation of the Commonwealth." **Id.** at 14-15.

In its Rule 1925(a) opinion, the trial court further explained its rationale for imposing Martinez-Herrera's sentence as follows:

[A]t the time of [Martinez-Herrera]'s sentencing on Robbery, a felony of the first degree, he was subject to a maximum permissible sentence of no more than twenty (20) years of imprisonment. 18 Pa.C.S.A. § 1103. This Court, in fashioning the sentence as it did, took into consideration multiple factors including the nature of the offense, protection of the public, the rehabilitative needs of [Martinez-Herrera], the impact on the victim and community, and the sentencing guidelines. [Martinez-Herrera] had no prior adult criminal record ([Martinez-Herrera] was adjudicated delinquent as a juvenile for statutory sexual assault) and was a 19 year old senior attending high school when he committed this armed robbery. This Court heard testimony from the victim, Ralph F. Valletta, and considered his statements during sentencing. Mr. Valletta informed this Court that "having a gun pointed at [his] head was the most terrorizing, terrifying experience [he] had in [his] life." [Martinez-Herrera] admitted he was under the influence of drugs (specifically, K2[, a synthetic marijuana]) and alcohol at the time he committed the offense and had been using drugs for six (6) months. He also stated that any money he would obtain was being used to purchase drugs. This Court also observed [Martinez-Herrera] during the guilty plea hearing and considered his apologies to his mother and Mr. Valletta. This Court found that [Martinez-Herrera] has a drug problem which resulted in the commission of this violent and traumatic offense. In consideration of the above factors, this Court determined that an extended period of incarceration was necessary to protect the community and victim as well as to protect [Martinez-Herrera] from doing further harm to himself through his drug use.

As placed on the record by the Assistant District Attorney, this Court considered [Martinez-Herrera]'s prior record score of 2 and the standard sentencing ranges for [Martinez-Herrera] based on an offense gravity score of 10. In accordance with the Pennsylvania Sentencing Code, the standard range on [Martinez-Herrera]'s Robbery charge was 36 to 48 months but, when applying the deadly weapon enhancement/used matrix, the standard sentencing range increased to 54 to 66 months. Therefore, the sentence imposed by this Court of 5 years (60 months) to 10 years (120 months) was within the standard

sentencing range when applying the deadly weapon enhancement. [Martinez-Herrera]'s sentence was well within the twenty (20) year maximum permissible sentence and was not manifestly excessive or unreasonable, or the result of partiality, prejudice, bias, or ill-will.

Trial Court Opinion, 10/17/2016, at 6-7 (citations and record citations omitted).

Based upon our standard of review, we conclude the trial court did not abuse its discretion with regard to Martinez-Herrera's sentence. Contrary to Martinez-Herrera's argument, it is evident from the sentencing hearing and the Rule 1925(a) opinion that the court did indeed consider the required factors under Section 9721(b), including Martinez-Herrera's rehabilitative needs. Moreover, the court acknowledged its understanding of the sentencing guidelines, and articulated a sufficient statement of reasons for sentencing as it did. Therefore, Martinez-Herrera's discretionary sentencing claim fails.

In his second argument, Martinez-Herrera claims the trial court erred in applying the DWE for a myriad of reasons. *See* Martinez-Herrera's Brief at 13. First, Martinez-Herrera states the court did not make a determination that he used a deadly weapon during the robbery. He alleges:

Although the court discussed the application of the Deadly Weapons Enhancement with the attorneys and despite the fact that [the] trial court agreed that the enhancement would be applicable, the court never made a specific determination that [Martinez-Herrera] had "used a deadly weapon during the commission of the current conviction offense." 204 Pa. Code § 303.10(a)(2). Absent such a determination, application of the Deadly Weapon enhancement was improper.

*Id.* at 14-15. Second, Martinez-Herrera complains there was insufficient evidence to make a determination that he used a deadly weapon. *Id.* at 15. This is a continuation of his earlier argument, in which he states the facts placed on the record did not establish use of a deadly weapon; rather, "[t]he only details relating to the true nature of the object produced by [Martinez-Herrera] emerged from discussions between counsel and the court." *Id.* at 15-16. Martinez-Herrera continues:

> Just as defendants are strictly held to their sworn statements made during a guilty plea, statements and comments of attorneys or other third parties should not be attributable to a defendant. To hold otherwise undermines the purposes and the integrity of the statement made under oath during the course of entering a guilty plea upon which the plea is based. Accordingly, the statements by counsel, such as comments by the prosecutor that the object used during the robbery was a "BB gun … stamped and equipped to look like a real firearm", should not be considered as evidence.

*Id.* at 16 (record citation omitted). Additionally, Martinez-Herrera attempts to distinguish the facts of his case by stating that no evidence was presented to show he **used** the "gun;" instead, the facts demonstrated he merely pointed the "gun" at the victim. *Id.* at 16.

Third, Martinez-Herrera argues that according to his sworn statement, "he 'produced what appeared to be a black handgun' during the commission of the robbery" and this evidence only met one of the three alternative

- 10 -

definitions under 204 Pa. Code § 303.10(a)(2)(i)-(iii).[6]  With respect to this allegation, he states, "The first, and most applicable, of the three possible definitions of a deadly weapon refers to a now-unconstitutional statute," citing 42 Pa.C.S. § 9712 and ***Alleyne v. United States***, 133 U.S. 2151 (2013).[7]  Martinez-Herrera's Brief at 17.  Moreover, he claims no evidence

---

[6]  Section 303.10(a)(2) of the Sentencing Guidelines provides:

> When the court determines that the offender used a deadly weapon during the commission of the current conviction offense, the court shall consider the DWE/Used Matrix (§ 303.17(b)).  An offender has used a deadly weapon if any of the following were employed by the offender in a way that threatened or injured another individual:
>
> (i) Any firearm, (as defined in 42 Pa.C.S. § 9712) whether loaded or unloaded, or
>
> (ii) Any dangerous weapon (as defined in 18 Pa.C.S. § 913), or
>
> (iii) Any device, implement, or instrumentality capable of producing death or serious bodily injury where the court determines that the offender intended to use the weapon to threaten or injure another individual.

204 Pa. Code § 303.10(a)(2)(i)-(iii).

[7]  In ***Alleyne***, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." ***Alleyne***, ***supra***, 133 S.Ct. at 2155.  In interpreting that decision, the courts of this Commonwealth have determined that most of our mandatory minimum sentencing statutes, including Section 9712, are unconstitutional because the language of those statutes "permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence" standard. ***Commonwealth v. Newman***,
*(Footnote Continued Next Page)*

- 11 -

was presented at the sentencing hearing with regard to the other two definitions. *Id.* at 18-19. He states: (1) as to Section 303.10(a)(2)(ii), "[t]here was no evidence presented at the sentencing hearing relating to the object produced by [Martinez-Herrera], and certainly none that would meet this definition of a 'dangerous weapon' set forth in Section 913;" and (2) as to Section 303.10(a)(2)(iii), "[t]here was no evidence regarding the object's identity, much less its capacity for causing death or injury." *Id.*[8] Lastly, Martinez-Herrera asserts *Alleyne* alters the analysis in his case in two ways: (1) "*Alleyne* stands for the general proposition that any fact that increases the penalty for a crime is an 'element' to be decided by a jury, beyond a reasonable doubt;" and (2) "*Alleyne* has rendered Section 9712 invalid, as discussed above." *Id.* at 21.

*(Footnote Continued)* _____

99 A.3d 86, 98 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015); *see also Commonwealth v. Valentine*, 101 A.3d 801, 811-812 (Pa. Super. 2014) (invalidating 18 Pa.C.S. § 9712), *appeal denied*, 124 A.3d 309 (Pa. 2015). Further, our courts have held that the unconstitutional provisions of the mandatory minimum statutes are not severable from the statute as a whole. *Commonwealth v. Hopkins*, 117 A.3d 247, 262 (Pa. 2015); *Newman*, *supra*, 99 A.3d at 101.

[8] Martinez-Herrera also states:

> Because the object produced by [him] only arguably qualifies as a "deadly weapon" under the definition of a firearm provided in 42 Pa.C.S.A. § 9712, which has been deemed unconstitutional under *Alleyne*, [Martinez-Herrera] suggests that the Commonwealth did not present a permissible basis to determine a "deadly weapon" was used in the robbery.

Martinez-Herrera's Brief at 20.

- 12 -

A challenge to the application of the DWE is a discretionary aspects of sentencing claim, which raises a substantial question for our review. *See **Commonwealth v. Kneller***, 999 A.2d 608, 613 (Pa. Super. 2010), *appeal denied*, 20 A.3d 485 (Pa. 2011); ***Commonwealth v. Shull***, 148 A.3d 820, 831 (Pa. Super. 2016).

However, before we may address the merits, we must determine whether Martinez-Herrera has properly preserved this argument. To the extent that Martinez-Herrera challenges the applicability of the DWE to his sentence, we find that he has failed to do so. A review of the record reveals that he did not raise these specific objections regarding the DWE at sentencing and he did not include these claims in his post-sentence motion.[9] *See* N.T., 7/25/2016; Post-Sentence Motion, 8/4/2016. ***See also Commonwealth v. Malovich***, 903 A.2d 1247, 1251 (Pa. Super. 2006) ("To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal.") (citations omitted); ***Commonwealth v. Cartrette,*** 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) ("Absent [a timely post-sentence motion or claim raised during sentencing], an objection to a

---

[9] We note all Martinez-Herrera did was request the court not impose the DWE. *See* N.T., 7/25/2016, at 9-10. His counsel agreed the DWE was "absolutely applicable" to the matter. *Id.* at 10.

discretionary aspect of a sentence is waived."); Pa.R.A.P. 302(a). Consequently, Martinez-Herrera has waived this claim.

Nevertheless, even if Martinez-Herrera did not waive this claim, we would conclude the trial court did not abuse its discretion in applying the DWE to his sentence as the court's statement of reasons adequately explained its decision to impose the DWE:

> In Commonwealth v. Brougher, 978 A.2d 373, 375 (Pa. Super. 2009), the appellant, while wearing a Halloween mask, entered a Uni-Mart and approached the store clerk displaying what appeared to be a handgun. The appellant pointed the weapon at the clerk's face and demanded that she open the cash register. Id. Appellant then reached over the counter, took the money and fled on foot. Id. It was determined that the handgun displayed by the appellant was an air-soft pistol, which looks like a real pistol, but shoots small plastic pellets similar to a BB gun. Id. Appellant pleaded guilty to robbery with the threat of immediate serious injury, 18 Pa.C.S.A. [§] 3701(a)(1)(ii), and was sentenced to 5 to 10 years of imprisonment based on his possession of a firearm during the crime and application of the deadly weapon enhancement. Id. During his guilty plea, the appellant, through his counsel, admitted that the deadly weapon enhancement was applicable. Id. at 378. On appeal, the Pennsylvania Superior Court held that, based on appellant's admission, the record supported the trial court's finding that the deadly weapon enhancement was applied properly. Id. The Pennsylvania Superior Court went on to state that, regardless of counsel's admission, the deadly weapon enhancement was appropriate in this case. Id. Appellant pointed the air-soft pistol at the store clerk's face and, as a result, it was capable of causing serious bodily injury or death. Id. at 379. The Court found it was irrelevant whether the pistol was designed as a weapon or toy and whether it was loaded or unloaded. Id.
>
> …
>
> Regarding the application of the deadly weapon enhancement, this Court finds the Brougher case to be

- 14 -

analogous to the case at bar. [Martinez-Herrera] used a BB gun to commit this robbery which is similar in nature to the air-soft gun in the <u>Brougher</u> case. Additionally, as stated during the guilty plea hearing, [Martinez-Herrera] admitted he was wearing a mask and produced a black handgun and pointed it at the head of the victim and demanded that he give him his money, wallet and phone. In accordance with <u>Brougher</u>, a BB gun is capable of causing serious bodily injury or death because it was pointed at the victim's head, regardless of its design or if it was loaded. Furthermore, during [Martinez-Herrera]'s plea, [Martinez-Herrera]'s counsel requested that this Court sentence [him] without the application of the deadly weapon enhancement but acknowledged that "it is absolutely applicable even though the gun was not an actual, physical handgun, that it was a BB gun ...." [Martinez-Herrera] was not required to acknowledge that the BB gun was a deadly weapon during his plea and, contrary to [Martinez-Herrera]'s argument, the existence of a deadly weapon must be established by a preponderance of the evidence, not beyond a reasonable doubt. This Court found the existence of a deadly weapon by a preponderance of the evidence based on [Martinez-Herrera]'s admission to possessing a gun as well as the criminal information charging [him] with possessing a pellet gun. Therefore, the deadly weapon enhancement was properly applied in the case at bar and its application in this matter is supported by the record.

Trial Court Opinion, 10/17/2016, at 5-8 (record citation omitted).

With regard to Martinez-Herrera's allegation that the deadly weapon definition under Section 303.10(a)(1)(i) is most applicable to his case but relies on the unconstitutional statute, Section 9712, and therefore, the court cannot apply this definition to his sentence, we find this line of reasoning is misplaced. Section 303.10(a)(1)(i) is not the only subsection that applies to the present matter. Under Section 303.10(a)(1)(iii), the current deadly weapons enhancement can also apply where one possesses a "device . . . capable of producing death or serious bodily injury where the court

determines that the defendant intended to use the weapon to threaten or injure another individual." 204 Pa. Code § 303.10(a)(1)(iii). Pursuant to the Pennsylvania Sentencing Guidelines, the trial court was permitted to determine by a preponderance of the evidence that Martinez-Herrera's BB gun was capable of producing death or serious bodily injury where he intended to use the weapon to threaten or injure the victim. **See Commonwealth v. Rhoades**, 8 A.3d 912, 917 (Pa. Super. 2010) ("Items not normally considered deadly weapons can take on such status based upon their use under the circumstances."). As such, we conclude the trial court did not err in concluding that under the facts of this case, Martinez-Herrera's BB gun constituted a deadly weapon.[10]

Furthermore, we note that in **Commonwealth v. Buterbaugh**, 91 A.3d 1247, (Pa. Super. 2014), *appeal denied*, 104 A.3d 1 (Pa. 2014), a panel of this Court determined that **Alleyne**, **supra**, was not implicated in a challenge to the application of the DWE. **See Buterbaugh**, 91 A.3d at 1269 n.10 ("**Alleyne** . . . dealt with factors that either increased the mandatory minimum sentence . . . . Our case does not involve [such a] situation; instead, we are dealing with a sentencing enhancement. If the enhancement applies, the sentencing court is required to raise the standard guideline range; however, the court retains the discretion to sentence

_____

[10] We reiterate that Martinez-Herrera made no argument at sentencing or in a post-sentence motion regarding the characteristics of the BB gun.

outside the guideline range."). Accordingly, Martinez-Herrera has not demonstrated the trial court abused its discretion in imposing his sentence. Therefore, Martinez-Herrera's DWE claim fails, and we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/25/2017